UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CHOSEN ONE JA'MIMA'NI            )
            Plaintiff,           )
                                 )
        v.                       )      C.A. No. 05-11238-GAO
                                 )
COMMONWEALTH OF MASSACHUSETTS,   )
        Defendant.               )

MEMORANDUM AND ORDER

For the reasons stated below, plaintiff's application to
proceed without prepayment of fees is denied without prejudice.
If plaintiff submits a new, fully-completed application to
proceed without prepayment of the filing fee, she shall also
demonstrate good cause why this action should not be dismissed
for the reasons stated below.

BACKGROUND

On July 8, 2005, plaintiff Chosen One Ja'mima'ni submitted
for filing his self-prepared, handwritten complaint against the
Commonwealth of Massachusetts accompanied by an Application to
Proceed Without Prepayment of Fees.  Plaintiff alleges that on
June 19, 1998, he was arrested and charged with murder.  He
further alleges that in 2001 he was found not guilty of the
charges but was not released until 2004 because he was deemed to
be a danger to himself and others.  Plaintiff complains that he
was severely beaten by guards while in the custody of the
Massachusetts Department of Correction.  He complains he has been
treated pursuant to "Dred Scott" and "the Acts to Bury Negroes
and Strangers."  Plaintiff references an earlier civil action he

1

filed in this Court explaining that his case was dismissed in
November 2004 due to an error concerning his current address.
See Chosen one Ja'mima'ni v. Commonwealth, C.A. No. 05-11238-GAO
(dismissed Nov. 22, 2004).

DISCUSSION

I.  The Application to Proceed Without Prepayment of Fees

A party filing a civil action in this Court must either (1)
pay the $250 filing fee for civil actions or (2) seek to be
granted in forma pauperis by filing an application to proceed
without prepayment of the filing fee.  See 28 U.S.C. § 1914
(filing fee for civil actions); Fee Schedule for the District of
Massachusetts; 28 U.S.C. § 1915 (proceedings in forma pauperis).
For the convenience of litigants, this Court provides a
standardized, double-sided form for fee waiver applications
entitled "Application to Proceed Without Prepayment of the Filing
Fee and Affidavit."

Plaintiff failed to fully answer questions two and three on
the application to proceed without prepayment of fees.  See
Application, Docket No. 1.  Question two on the form asks
litigants if they are employed.  See Question No. 2.  Although
plaintiff reveals the fact that he is not employed, he has failed
to reveal the date of his last employment, the amount of his
take-home salary or wages and pay period, and the name of his
last employer.  See Question No. 2(b).

Although plaintiff indicates in Question 3(d) that he

2

receives disability benefits, he failed to answer Questions 3(a),
3(b), 3(c), 3(e) and 3(f).  Because the application is
incomplete, I cannot make a determination whether plaintiff
qualifies for in forma pauperis status and will deny it without
prejudice.  I will grant plaintiff additional time to submit a
new, fully-completed application.

  II. Plaintiff's Complaint is Subject to Dismissal

  When a plaintiff seeks to file a complaint without
prepayment of the filing fee, summonses do not issue so that the
Court may conduct a preliminary review of the complaint and
determine if it satisfies the substantive requirements of Section
1915.. See 28 U.S.C. § 1915.  A district court may dismiss a
complaint filed in forma pauperis "at any time" if the court
determines that the action lacks an arguable basis in law or
fact, seeks relief against a defendant who is immune from
liability, or fails to state a claim.  Neitzke v. Williams, 490
U.S. 319, 325 (1989) (interpreting the former § 1915(d)); 28
U.S.C. § 1915(e)(2)(b).  In forma pauperis complaints may be
dismissed sua sponte and without notice under Section 1915 if the
claims are based on an indisputably meritless legal theory or
factual allegations that are clearly baseless.  Denton v.
Hernandez, 504 U.S. 25, 32-33 (1992)  Here, plaintiff's claims
are subject to dismissal.

  As an initial matter, plaintiff's complaint fails to conform
with the Federal Rules of Civil Procedure.  Pursuant to Rule

10(b), "[a]ll averments of claim . . . shall be made in numbered

paragraphs, the contents of each of which shall be limited as far

as practicable to a statement of a single set of circumstances .

. ."  Fed. R. Civ. P. 10(b).  Here, plaintiff's complaint fails

to include any factual allegations specifying the circumstances

of his alleged mistreatment while in custody at MCI Bridgewater.

To the extent plaintiff seeks monetary damages from the

Commonwealth, the Eleventh Amendment[1] generally is recognized as

a bar to suits against a State, its departments and agencies

unless the State has consented to suit.  Alabama v. Pugh, 438

U.S. 781, 781 (1978) (per curiam).  Unless a State has "waived

its Eleventh Amendment immunity or Congress has overridden it,

... a State cannot be sued directly in its own name regardless of

the relief sought."  Kentucky v. Graham, 473 U.S. 159, 167 n. 14

(1985) (citing Pugh).  Here, the Commonwealth has not consented

to suit, see Brown v. Newberger, 291 F.3d 89, 92 (1st Cir. 2002)

(stating that there has been no unequivocal abrogation of the

Commonwealth's Eleventh Amendment immunity).  Thus, the Eleventh

Amendment bars plaintiff's suit against the Commonwealth.  See

_____

[1]The Eleventh Amendment to the United States Constitution
provides that:

> The Judicial power of the United States shall not be
> construed to extend to any suit in law or equity,
> commenced or prosecuted against one of the United
> States by Citizens of another State, or by Citizens or
> Subjects of any Foreign State.

U.S. Const. Amend. XIV.

Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506

U.S. 139, 142-144 (1993) (11th Amendment operates as a withdrawal

of jurisdiction).

CONCLUSION

ACCORDINGLY, plaintiff's application to proceed without

prepayment of fees is DENIED without prejudice.  If plaintiff

wishes to proceed with this action, he shall, within 35 days of

the date of this Order, (1) submit a new, fully completed

application to proceed without prepayment of fees and (2)

demonstrate good cause, in writing, why this action should not be

dismissed for the reasons stated above.  If plaintiff fails to

submit a new application or demonstrate good cause, this action

will be dismissed without prejudice.

SO ORDERED.

Dated at Boston, Massachusetts, this 12th  day of July, 2005.


                              /s/ George A. O'Toole, Jr.
                              GEORGE A. O'TOOLE, JR.
                              UNITED STATES DISTRICT JUDGE